UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Chapter 11

KEARNEY CONSTRUCTION CO., LLC  Case No. 8:09-bk-18848-CED

    Debtor.

_____/  *__Emergency Relief Requested__*

### DEBTOR'S EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)

Debtor, KEARNEY CONSTRUCTION CO., LLC ("**Debtor**"), by and through its undersigned attorneys, hereby files its Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Motion**")[1] and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with other related Chapter 11 cases pending before this Court. In support of its Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28

---

[1] An identical copy of this Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) is being simultaneously filed in the Chapter 11 cases of Kearney Construction Co., LLC, Kearney Construction Company, Inc., and AVT Equipment, LLC pending before this Court.

U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. No request for the relief requested herein has been made to this Court or any other court.

**Background**

4. On August 26, 2009, Kearney Construction Company, Inc. ("**KCC Inc.**"), Kearney Construction Co., LLC ("**KCC LLC**"), and AVT Equipment, LLC ("**AVT**") each filed Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. KCC Inc., KCC LLC, and AVT are each affiliates of Florida Equipment Co., LLC ("**FEC**") and Florida Trucking Co., Inc, ("**FTC**"). On June 4, 2009, FTC and FEC filed Voluntary Petitions for Relief under the Bankruptcy Code. The FEC and FTC Chapter 11 cases are jointly administered under Case No. 8:09-bk-11791-CED.

6. The Debtor is operating its business and managing its property as debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to § 1102 of the Bankruptcy Code.

**Relief Requested and Grounds for Relief**

8. By this Motion, the Debtor requests the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing, for procedural purposes only, the joint administration of the Chapter 11 cases of KCC LLC, KCC Inc. and AVT with the pending cases of their affiliates, FTC and FEC.

9. The cases of FTC and FEC are jointly administrated for procedural purposes under Case No. 8:09-bk-11791-CED. The Debtor requests that its Chapter 11 case be jointly administered under Case No. 8:09-bk-11791-CED as well.

10. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> (b) **Cases involving two or more related debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

11. As set forth above, KCC LLC, KCC Inc. and AVT are affiliates of FTC and FEC within the meaning of §101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Therefore, this Court may order a joint

administration of the Chapter 11 cases of KCC LLC, KCC Inc. and AVT with the pending Chapter 11 cases of FTC and FEC.

12. The Debtor requests that all pleadings in all Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| FLORIDA TRUCKING CO., INC., | Case No. 8:09-bk-11791-CED |
| FLORIDA EQUIPMENT CO., LLC, | Case No. 8:09-bk-11792-CED |
| KEARNEY CONSTRUCTION CO., LLC | Case No. 8:09-bk- |
| KEARNEY CONSTRUCTION COMPANY, INC. | Case No. 8:09-bk- |
| AVT EQUIPMENT, LLC | Case No. 8:09-bk- |
| Debtors. | Jointly Administered Under Case No. 8:09-bk-11791-CED) |

The Debtor further requests that all pleadings in the Debtor's Chapter 11 case be filed and maintained under the Florida Trucking Co., Inc. case number.

13. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Chapter 11 cases of FTC, FEC, KCC LLC, KCC Inc. and AVT pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

> (a) To expedite the administration of their Chapter 11 cases, the Debtors will be filing pleadings affecting all Debtors. Absent joint administration, the Debtors will need to file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving

4

the same pleadings with different captions, thereby saving the Debtors considerable time and expense.

(b) Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving several sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

14. According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the debtors' estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "<u>that may aid in expediting the cases and rendering the process less costly</u>." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the Debtors' Chapter 11 cases. In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

15. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. Moreover, each creditor may still file its claim against a particular estate.

16. The Debtor does not believe that any of the relief herein requested would create a conflict of interest between creditors of the three estates.

WHEREFORE, the Debtor respectfully requests entry of an order (i) granting this Motion, (ii) directing, for procedural purposes only, the joint administration of the Chapter 11 cases of KCC LLC, KCC Inc. and AVT with the two cases of FTC and FEC under Case No. 8:09-bk-11791-CED, and (iii) providing for such other and further relief as is just and proper.

DATED: August 26, 2009.

*/s/ Stephen R. Leslie*_____
Stephen R. Leslie (FBN 000349)
Barbara A. Hart (FBN 0512036)
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: sleslie@srbp.com
       bhart@srbp.com
Attorneys for Debtors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the **DEBTOR'S EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)** has been furnished on the 26th day of August, 2009, by either the Court's CM/ECF electronic mail system or by U.S. Mail to: by:

Office of the United States Trustee
20 Largest Unsecured Creditors
FTC's L.B.R. Rule 1007-2 Parties in Interest

Patrick Skelton, Esq.
Noel Boeke, Esquire
100 N. Tampa St., #4100
Tampa, FL 33602

Jeffrey W. Warren, Esquire
BUSH ROSS, P.A.
Post Office Box 3913
Tampa, FL 33601-3913

Matthew G. Krause, Esquire
ERIC B. ZWIEBEL, P.A.
8751 West Broward Blvd – Suite 100
Plantation, FL 33324

Seth Mills, Esquire
100 N Tampa St, Ste 2010
Tampa, FL 33602

                                                /s/ Stephen R. Leslie
                                                Stephen R. Leslie