UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter 11

KEARNEY CONSTRUCTION CO., LLC,                  Case No. 8:09-bk-18848-CED

    Debtor.
_____/                *Emergency Relief Requested*

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING REPLACEMENT LIEN PURSUANT TO SECTIONS
105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND
RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Debtor, KEARNEY CONSTRUCTION CO., LLC ("**Debtor**"), by and through its undersigned attorneys, hereby files its Emergency Motion for Entry of Interim and Final Orders Authorizing use of Cash Collateral and Granting Replacement Lien Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Motion**") [1] and requests the entry of interim and final orders approving the Debtor's use of cash collateral. In support of this Motion, the Debtor respectfully represents as follows:

---

[1] The Debtor has filed its Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) seeking joint administration, for procedural purposes only, of its Chapter 11 case with the Chapter 11 cases of Florida Equipment Co., LLC and Florida Trucking Co., Inc., both currently pending before the Court and jointly administered under Case No. 8:09-bk-11791-CED, and with the Chapter 11 cases of Kearney Construction Company, Inc., Case No. 8:09-bk-18851-CED, and AVT Equipment, LLC, Case No. 8:09-bk-18861-CED. Due to the emergency nature of the relief sought herein, the Debtor has filed this Motion prior to the Court's determination as to the motion seeking joint administration.

## Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §§105, 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

## Background

2. On August 26, 2009 (the "**Petition Date**"), Kearney Construction Company, Inc. ("**KCC Inc.**"), Kearney Construction Co., LLC ("**KCC LLC**"), and AVT Equipment, LLC ("**AVT**") each filed Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. KCC Inc., KCC LLC, and AVT are each affiliates of Florida Equipment Co., LLC ("**FEC**") and Florida Trucking Co., Inc, ("**FTC**" individually and together with FEC hereinafter referred to as the "**Affiliate Debtors**").

4. On June 4, 2009, FTC and FEC filed Voluntary Petitions for Relief under the Bankruptcy Code. The FEC and FTC Chapter 11 cases are jointly administered under Case No. 8:09-bk-11791-CED.

5. The Debtor continues to operate its business and manage its property as debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtor is a Florida limited liability company affiliated with KCC, Inc., a family company with over 53 years of experience in the construction industry, specializing in site development and infrastructure construction including clearing, earthwork, utility construction, storm drainage, curbs, sidewalks, and roadwork including sub-base, base, and asphalt placement.

7. No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code.

8. No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

**Secured Indebtedness**

9. The following entities have filed UCC-1 Financing Statements in Florida and may assert a lien against the Debtor's cash:

 (a) Wells Fargo Equipment Finance, Inc., UCC-1 #20080799845X

 (b) Wells Fargo Equipment Finance, Inc., UCC-1 #200807999553

 (c) Traveler's Casualty and Surety Co. of America, UCC-1 #200900792742

 (d) Deere Credit, Inc., UCC-1 #200603588709

 (e) Deere Credit, Inc., UCC-1 #200602209143

 (f) Citicapital Commercial Corporation, UCC-1 #200604466836

 (g) GE Commercial Finance Business Property Corp., UCC-1#200706306706

 (h) GE Commercial Finance Business Property Corp., UCC-1#200706236902

 (i) FCC Equipment Financing, Inc., UCC-1# 200706065040

(j) FCC Equipment Financing, Inc., UCC-1# 200706065059

(k) Bank of America/Lasalle Bank National Association, UCC-1 #200602410663

(collectively, the "**Creditors**").[2]

**Relief Requested and Grounds for Relief**

10. The Debtor's assets include approximately $2,014,148 in furniture, fixtures, and equipment, $936,249 in cash, and $12,599,643 in accounts receivable. Such assets, together with the proceeds thereof, may constitute the cash collateral of the Creditors, as such term is defined §363(a) of the Bankruptcy Code.

11. By this Motion, the Debtor seeks entry of an order authorizing its use of the Creditor's cash collateral generally in accordance with a budget attached hereto as Exhibit A (the "**Budget**") and for purposes which include the following:

(a) care, maintenance and preservation of the Debtor's assets;

(b) payment of necessary payroll, rent, vendors, suppliers, utilities and other business expenses;

(c) continued business operations; and

(d) costs of administration in this Chapter 11 case.

Except as specifically authorized by law or court order, the Debtor will not use cash collateral to pay pre-petition obligations.

12. The Debtor requests authority to use cash collateral immediately to pay expenses necessary to continue the operation of the Debtor's business and to maintain its

---

[2] By this Motion, the Debtors do not concede that the Creditors have valid liens, and likewise retain the right to challenge the extent, validity, or priority of any lien or claim of the Creditors.

estate, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and its estate.

13. There is insufficient time for a final evidentiary hearing pursuant to Bankruptcy Rule 4001(b)(2) to be held before the Debtor must use cash collateral. If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use cash collateral, there will be a direct and immediate harm to the continuing operation of the Debtor's business and on the value of its assets. In order to continue its business activity in an effort to achieve a successful reorganization, the Debtor must use cash collateral in its ordinary business operations. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Debtor's assets, including cash collateral. Indeed, it is in the best interest of the Creditors and the Debtor that the Debtor be authorized to use cash collateral, as such usage will preserve the value of the Collateral. Bankruptcy Rule 4001(b)(2) authorizes this Court to hold an immediate preliminary hearing on this Motion.

14. In exchange for the Debtor's ability to use cash collateral in the operation of its business, the Debtor proposes to grant the Creditor's liens on the post-petition collateral equal in the same extent, validity and priority as the security interest held by the Creditor's as of the Petition Date.

15. The Debtor alleges that the interests of the Creditor are adequately protected. Consequently, no further provision for adequate protection is required. The Debtor further alleges that all conditions precedent to the use of cash collateral have been performed or have occurred.

16. If allowed to use cash collateral, the Debtor believes that it can operate its business during the Chapter 11 cases and maintain going concern values.

## Relief Requested – Bonded Contracts

17. Travelers Casualty and Surety Co. of America ("**Travelers**") is a property and casualty insurance company offering property and casualty insurance and surety products and services.

18. Prior to Petition Date, on or about December 7, 2004, certain affiliated entities of KCC, LLC entered into that certain General Agreement of Indemnity (the "**Indemnity Agreement**") with Travelers.

19. Prior to Petition Date, on or about January 3, 2006, KCC, LLC entered into that certain General Agreement of Indemnity Additional Indemnitor Rider (the "**KCC, LLC Indemnitor Rider**") with Travelers, pursuant to which KCC, LLC became an additional indemnitor to the Indemnity Agreement.

20. Pursuant to the Indemnity Agreement, Defendant has caused to be placed certain payment and performance bonds on certain construction projects, on which the Debtor performs construction services (the "**Bonded Contracts**"). A list of the Bonded Contracts and the parties thereto is attached hereto as Exhibit B.

21. On or about July 24, 2009, Travelers, or its employee or agent acting on its behalf, and despite representations that such letter would not be sent, caused to be sent a letter to KCC, LLC's construction projects stating that KCC, LLC was experiencing financial difficulties, and including a demand that any payment owed to the Debtor be directed to Travelers.

22. The foregoing letters have had a negative impact on the Debtors' operations and cash flow. Upon information and belief, one of the parties to the Bonded Contracts (Pasco County) has paid over $2 million to Travelers premised upon such demand. Other parties to Bonded Contracts desire to pay proceeds due the Debtors to the Debtors, but are unsure as to whether or not they are permitted to do so.

23. By this motion, the Debtor requests that any order permitting use of cash collateral provide that the non-debtor parties to the Bonded Contracts be authorized and directed to fund payments to the Debtor, subject to such adequate protection as the Court may establish.

### Notice

24. No trustee or examiner has been appointed and no official committees have yet been appointed pursuant to Section 1102 of the Bankruptcy Code. Notice of this Motion has been given: (i) by the Court's CM/ECF system to the U.S. Trustee, and (ii) by United States first class mail to all known secured creditors of the Debtor, the twenty (20) largest unsecured creditors of the Debtor, and certain other parties listed on the attached Certificate of Service. The Debtor submits that, given the emergency nature of the relief requested herein, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter an order granting the instant Motion authorizing the interim use of cash collateral, and granting replacement liens to the Creditors as adequate protection; (b) enter an order providing that parties to Bonded Contracts are directed to payment to the Debtor; (c)schedule a preliminary hearing on the Motion at the earliest possible time, (d) schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (e) grant such other and further relief as may be just and proper.

DATED: August 27, 2009.

/s/ Stephen R. Leslie
Stephen R. Leslie, Esquire (Fla. Bar No. 000349)
Barbara A. Hart (Fla. Bar No. 0512036)
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
Phone: (813) 229-0144
Fax:    (813) 229-1811
Email: srl@srbp.com
Email: bhart@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIEN PURSUANT TO SECTIONS 105(a), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** has been furnished on this 27th day of August 2009, by either the Court's CM/ECF electronic mail system, Facsimile or U.S. Mail to:

Office of the United States Trustee
20 Largest Unsecured Creditors

Noel Boeke, Esquire
HOLLAND & KNIGHT
Facsimile: (813) 229-0134

Jeffrey W. Warren, Esquire
BUSH ROSS, P.A.
Facsimile: (813) 223-9620

Matthew G. Krause, Esquire
ERIC B. ZWIEBEL, P.A.
Facsimile: (954) 424-1445

Seth Mills, Esquire
Mills Paskert Divers P.A.
Facsimile: (813) 229-3502

Wells Fargo Equipment Finance, Inc.
1540 West Fountainhead Parkway
Tempe, AZ 85282

Travelers Casualty and Surety Company of America
One Tower Square
Hartford, CT 06183

Deere Credit, Inc.
6400 NW 86th Street
Johnston, IA 50131

CitiCapital Commercial Corporation
Branch 8201 Ridgepoint Drive
Irving, TX 75063

GE Commercial Finance Business Property Corporation
10900 NE 4th Street – Suite 500
Bellevue, WA 98004

LaSalle Bank National Association
135 South LaSalle Street
Chicago, IL 60603

FCC Equipment Financing, Inc.
Post Office Box 56347
Jacksonville, FL 32241-6347

Bank of America
101 E. Kennedy Blvd.
Tampa, FL 33602-4300

/s/ Stephen R. Leslie
Stephen R. Leslie

KCC, LLC, KCC, Inc, and AVT, LLC
CASH COLLATERAL BUDGET

| | | KCC, LLC | | All Cost Allocated To KCC, LLC KCC, INC | | All Cost Allocated To KCC, LLC AVT, INC | |
|---|---|---|---|---|---|---|---|
| | | 30 DAY BUDGET | 15 DAY BUDGET | 30 DAY BUDGET | 15 DAY BUDGET | 30 DAY BUDGET | 15 DAY BUDGET |
| CONTRACT SALES | | 4,000,000.00 | 2,000,000.00 | 751,571.33 | 375,785.67 | 38,000.00 | 19,000.00 |
| DIRECT COSTS | | | | | | | |
| | DIRECT LABOR, WC PR TAXES | 443,759.39 | 221,879.70 | 443,759.39 | 221,879.70 | - | - |
| | DIRECT MATERIAL | 1,300,000.00 | 725,000.00 | - | - | - | - |
| | DIRECT SUBCONTRACTOR | 1,500,000.00 | 875,000.00 | - | - | - | - |
| | DIRECT OTHER COSTS | 100,000.00 | 70,000.00 | - | - | - | - |
| DIRECT EQUIPMENT COSTS | | | | | | | |
| | AUTO & TRUCK INSURANCE | 11,790.21 | 5,895.10 | - | - | - | - |
| | AUTO & TRUCK REP-LAB INTE | 6,909.53 | 3,454.77 | 6,909.53 | 3,454.77 | - | - |
| | AUTO & TRUCK REPAIRS PART | 8,334.09 | 4,167.05 | - | - | - | - |
| | AUTO & TRUCK REPAIRS PART | 2,197.86 | 1,098.93 | - | - | - | - |
| | AUTO & TRUCK REPAIRS TIRE | 6,343.97 | 3,171.99 | - | - | - | - |
| | DIESEL FUEL-ON ROAD | 10,500.00 | 5,250.00 | - | - | - | - |
| | DIESEL FUEL - OFF ROAD | 64,000.00 | 32,000.00 | - | - | - | - |
| | GASOLINE | 21,000.00 | 10,500.00 | - | - | - | - |
| | FCC EQUIP FINANCE NOTE PMT | 500.00 | 250.00 | - | - | - | - |
| | EQPMT LEASE EXP - S/T | 30,000.00 | 15,000.00 | - | - | 30,000.00 | 15,000.00 |
| | LT LEASED EQUIPMENT | 8,000.00 | 4,000.00 | - | - | 8,000.00 | 4,000.00 |
| | HEAVY EQUIP REPAIRS,EXTER | 29,451.98 | 14,725.99 | - | - | - | - |
| | HEAVY EQPMT-MAINT AGRMT | 25,000.00 | 12,500.00 | - | - | - | - |
| | HEAVY EQ REPAIR LABOR INT | 12,807.75 | 6,403.88 | 12,807.75 | 6,403.88 | - | - |
| | HEAVY EQUIP REPAIRS PARTS | 17,061.52 | 8,530.76 | - | - | - | - |
| | HEAVY EQUIP REPAIR TIRES | 4,577.38 | 2,288.69 | - | - | - | - |
| | HEAVY EQUIP INSURANCE | 12,745.96 | 6,372.98 | - | - | - | - |
| | LICENSES & TAXES-EQUIP | 35,678.84 | 17,839.42 | - | - | - | - |
| | OILS-VEHICLES | 7,286.02 | 3,643.01 | - | - | - | - |
| | CONSUMABLES/SUPPLIES EQPT | 2,614.29 | 1,307.15 | - | - | - | - |
| | SMALL TOOLS & TOOL REPAIR | 1,231.33 | 615.67 | - | - | - | - |
| | EQPT DEPT - CLEANUP | 870.14 | 435.07 | - | - | - | - |
| TOTAL DIRECT EQUIPMENT COSTS | | 318,900.86 | 159,450.43 | 19,717.28 | 9,858.64 | 38,000.00 | 19,000.00 |
| DIRECT CONTRACT OVERHEAD | | | | | | | |
| | PRODUCTION OVH WAGES | 62,907.43 | 31,453.72 | 62,907.43 | 31,453.72 | - | - |
| | HEALTH INSURANCE | 49,792.08 | 24,896.04 | 49,792.08 | 24,896.04 | - | - |
| | INSURANCE WORKERS COMP | 20,574.19 | 10,287.10 | 20,574.19 | 10,287.10 | - | - |
| | PLANS | 201.51 | 100.76 | - | - | - | - |
| | SAFETY SUPPLIES/DRUG TEST | 6,966.60 | 3,483.30 | - | - | - | - |
| | SMALL TOOLS/SUPPLY CONSTR | 15,047.37 | 7,523.69 | - | - | - | - |
| | CONSUMABLES-JOB RELATED | 13,083.28 | 6,541.64 | - | - | - | - |
| | UTILITY SUPPORT, LABOR | 4,682.23 | 2,341.12 | 4,682.23 | 2,341.12 | - | - |
| TOTAL DIRECT CONTRACT OVERHEAD | | 173,254.69 | 86,627.35 | 137,955.93 | 68,977.97 | - | - |
| TOTAL DIRECT COSTS | | 3,835,914.95 | 2,137,957.47 | 601,432.60 | 300,716.30 | 38,000.00 | 19,000.00 |
| GROSS PROFIT (LOSS) | | 164,085.05 | (137,957.47) | 150,138.73 | 75,069.37 | - | - |
| GENERAL & ADMIN OVERHEAD | | | | | | | |
| | COMPUTER MAINTENANCE | 2,543.50 | 1,271.75 | - | - | - | - |
| | COMPUTER SUPPLIES | 537.40 | 268.70 | - | - | - | - |
| | DUES & SUBSCRIPTIONS | 729.00 | 364.50 | - | - | - | - |
| | EMPLOYEE BENEFITS, G&A | 1,005.08 | 502.54 | - | - | - | - |
| | ENTER & MEALS NON DEDUC | 1,000.00 | 500.00 | - | - | - | - |
| | ENTERT/MEALS/ETC DEDUCT | 1,000.00 | 500.00 | - | - | - | - |
| | INSURANCE, GEN LIABILITY | 21,143.19 | 10,571.59 | - | - | - | - |
| | INSURANCE, UMBRELLA | 5,982.29 | 2,991.14 | - | - | - | - |
| | INTERVIEW/HIRE/RELOC EXP | 331.57 | 165.79 | - | - | - | - |
| | KITCHEN & JANITORIAL SUPP | 152.96 | 76.48 | - | - | - | - |
| | LEGAL & ACCOUNTING | 4,219.43 | 2,109.72 | - | - | - | - |
| | LICENSES & TAXES | 11,309.66 | 5,654.83 | - | - | - | - |
| | NON DEDUCT INS PREM | 2,551.90 | 1,275.95 | - | - | - | - |
| | OFFICE EQUIP - DEPR | - | - | - | - | - | - |
| | OFFICE R&M, LANDSCAPE | 1,190.00 | 595.00 | - | - | - | - |
| | OFFICE SUPPLIES | 6,000.00 | 3,000.00 | - | - | - | - |
| | GE COMM NOTE PMT | 2,000.00 | 1,000.00 | - | - | - | - |
| | WELLS FARGO NOTE PMT | 500.00 | 250.00 | - | - | - | - |
| | POSTAGE & SHIPPING | 67.45 | 33.73 | - | - | - | - |
| | REIMBURSE VEHICLE ALLOW | 8,500.00 | 4,250.00 | 8,500.00 | 4,250.00 | - | - |
| | ADMINISTRATIVE STAFF SALARI | 60,678.03 | 30,339.02 | 60,678.03 | 30,339.02 | - | - |
| | OFFICER SALARIES | 75,383.31 | 37,691.66 | 75,383.31 | 37,691.66 | - | - |
| | SECURITY | 5,577.39 | 2,788.70 | 5,577.39 | 2,788.70 | - | - |
| | TELECOMMUNICATION | 16,000.00 | 8,000.00 | - | - | - | - |
| | TEMPORARY OFFICE LABOR | 799.30 | 399.65 | - | - | - | - |
| | TRAVEL | 2,000.00 | 1,000.00 | - | - | - | - |
| | TOLLS | 3,518.75 | 1,759.38 | - | - | - | - |
| | UTILITIES | 23,653.92 | 11,826.96 | - | - | - | - |
| | WORKERS COMP G&A | 585.66 | 292.83 | - | - | - | - |
| TOTAL GENERAL & ADMIN OVERHEAD | | 258,959.78 | 129,479.89 | 150,138.73 | 75,069.37 | - | - |
| OPERATING INCOME & LOSS | | (94,874.73) | (267,437.37) | (0.00) | 0.00 | - | - |
| OTHER INCOME & EXPENSES | | | | | | | |
| | INTEREST EXP & FIN CHARGE | 1,800.00 | 900.00 | - | - | - | - |
| | BANK CHARGES | 1,500.00 | 750.00 | - | - | - | - |
| | MISC EXPENSE | 70.24 | 35.12 | - | - | - | - |
| TOTAL OTHER INCOME & EXPENSES | | 3,370.24 | 1,685.12 | - | - | - | - |
| MONTHLY NET INCOME (LOSS) CASH BASIS | | (98,244.97) | (269,122.49) | (0.00) | 0.00 | 0.00 | 0.00 |



EXHIBIT A

BONDED JOBS

| Job | Description | ACCOUNTS RECEIVABLE | ACCOUNTS RECEIVABLE RETAINAGE | TOTAL |
|---|---|---:|---:|---:|
| 808212 | WESTSHORE LANDINGS 1 | - | 5,763 | 5,763 |
| 808214 | SR 50 WIDENING | 347,786 | - | 347,786 |
| 808224 | THORNHILL RD AT | 52,679 | - | 52,679 |
| 807220 | ALEXAN AT LAKESIDE | 242,277 | - | 242,277 |
| 808203 | BLOOMINGDALE APTS | 8,611 | 106,948 | 115,559 |
| 808204 | LE JARDIN APTS | 605 | 97,110 | 97,715 |
| 808210 | INTL PLAZA PAR E | 14,868 | - | 14,868 |
| 808213 | TAMPA TELECOM SOUTH | 174,691 | 38,274 | 212,965 |
| 808222 | RINGPOWER LAKELAND | 2,817 | 263,152 | 265,969 |
| 808228 | EASTSIDE CANAL | 53,429 | - | 53,429 |
| 809202 | CHANNEL 2 CULVERT | 308,061 | 187,522 | 495,583 |
| 809205 | OVERLOOK DRIVE | 245,449 | 120,802 | 366,251 |
| 809207 | DECUBELLIS RD EXT | 729,190 | 91,663 | 820,853 |
| 809209 | US 41 | 2,434,038 | 141,135 | 2,575,173 |
| 809211 | ALLIGATOR CREEK | 821,233 | 43,223 | 864,456 |
| | | 5,435,734 | 1,095,592 | 6,531,326 |



EXHIBIT B

Bonded Job List