UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:     Chapter 11

KEARNEY CONSTRUCTION CO., LLC.,     Case No. 8:09-bk-18848-CED

Debtor.
_____/

### BANK OF AMERICA, N.A.'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND GRANTING REPLACEMENT LIEN PURSUANT TO SECTIONS 105(A), 361, 363, 541 AND 552 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Secured Creditor, Bank of America, N.A. (the "**Bank**"), as successor in interest to LaSalle Bank National Association, by and through its undersigned counsel, hereby files this Objection to Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Lien Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (Doc. No. 11) (the "**Motion**") filed by Kearney Construction Co., LLC (the "**Debtor**") and respectfully states as follows:

1. On August 26, 2009 (the "**Petition Date**"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida. From the date of filing to date, the Debtor has not filed Schedules or Statement of Financial Affairs in this case.

2. The Debtor continues in possession and control of its assets and to operate its business as a debtor in possession.

3. As of August 18, 2005, certain related companies including Kearney Construction Company, Inc., Florida Trucking Co., Inc., Kearney Development Company, Inc., K & S Equipment Company, Inc., and Florida Soil Cement, LLC entered into a Loan and Security Agreement with the Bank (the "**Original Loan Agreement**"). As of August 18, 2005, the parties also entered into a Master Letter of Credit Agreement (the "**Letter of Credit Agreement**"). A copy of the Original Loan Agreement is attached hereto as Exhibit "A." A copy of the Letter of Credit Agreement is attached hereto as "Exhibit "B." Pursuant to the Original Loan Agreement and Letter of Credit Agreement the Bank agreed to extend funds and provide other financial accommodations to those borrowers up to $10,000,000 (the "**Loan Facility**").

4. As of April 11, 2006, the Debtor, AVT Equipment, LLC and Florida Fuel Transporters, LLC became additional borrowers under the Loan Facility and an Amendment to Loan and Security and Letter of Credit Agreement and Reaffirmation of Guaranties was executed by the Debtor, AVT Equipment, LLC, Florida Fuel Transporters, LLC, Kearney Construction Company, Inc., Florida Trucking Co., Inc., Kearney Development Company, Inc., K & S Equipment Company, Inc., and Florida Soil Cement, LLC (collectively, the "**Borrowers**"). A copy of this amendment to the Original Loan Agreement and Letter of Credit Agreement is attached hereto as Exhibit "C."

5. As of October 31, 2006, the Borrowers and the Bank entered into the Second Amendment to Loan and Security Agreement and Letter of Credit Agreement and Reaffirmation of Guaranties. A copy of the Second Amendment is attached hereto as Exhibit "D."

6. As of December 29, 2006, the Borrowers and the Bank entered into an Amendment to Loan and Security Agreement. A copy of the Amendment to Loan and Security Agreement is attached hereto as Exhibit "E."

7. As of October 31, 2007, the Borrowers and the Bank entered into the Third Amendment to Loan and Security Agreement and Letter of Credit Agreement and Reaffirmation of Guaranties. A copy of the Third Amendment is attached hereto as Exhibit "F."

8. The Original Loan Agreement, as amended, restated and modified from time to time, shall be referred to as the "**Loan Agreement**." All capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Loan Agreement.

9. Pursuant to the Loan Agreement, the Bank was granted a security interest in all of the assets of the Borrowers, including accounts, cash, inventory, equipment, general intangibles and all proceeds therefrom (the "**Collateral**"), for each and every obligation of the Borrowers to the Bank. The Bank perfected its security interest in the Collateral of the Debtor through its UCC-1 Financing Statement filed in the Official Recordation Office of the Secretary of State of the State of Florida on April 18, 2006. A copy of the UCC-1 is attached hereto as Exhibit "G." Accordingly, the Bank holds a first priority security interest in and to all of the assets of the Debtor.

10. All amounts extended to the Borrowers under the Loan Facility became due and payable to the Bank on August 18, 2009 (the "**Maturity Date**"). Accordingly, the Debtor is in default under the Loan Documents for failure to satisfy the outstanding amount of the Loan Facility as of the Maturity Date.

11. As of the Petition Date, the Borrowers owed the Bank under the Loan Facility (a) the principal amount of $4,600,000.00 for funds loaned to the Borrowers, plus (b) interest that has accrued on the principal balance outstanding, and (c) $2,189,150.00 in outstanding Letters of Credit issued under the Letter of Credit Agreement. The principal indebtedness continues to accrue interest at the Default Rate under the Loan Agreement. Additionally, the Bank has

incurred attorneys' fees and other expenses which should be reimbursed in accordance with the terms of the Loan Agreement, 11 U.S.C. § 506(b) and applicable non-bankruptcy law.

12. The Debtor is required by the Loan Agreement to deliver to the Bank (a) annual audited financial statements within 120 days of the close of each fiscal year, (b) quarterly financial statements certified by the chief financial officer of the Debtor within 45 days following the end of each fiscal quarter, and (c) certified financial statements for each Guarantor no later than August 31, 2009 (collectively, the "**Required Information**").

13. Prior to the Maturity Date, in order to assess the financial condition of the Borrowers and monitor the collateral position of the Bank, the Bank requested certain additional information (collectively, the "**Additional Information**") from the Debtor including:

    a. Consolidated financial information for the Borrowers for the fiscal quarter ending March 31, 2009.

    b. The most recent draft of the audited consolidated financial statements for the Borrowers for the fiscal year ending March 31, 2009 or the actual final year end audited consolidated statements if they are complete.

    c. Internal consolidated financial statements for the Borrowers for the months subsequent to the fiscal year ending March 31, 2009.

    d. The legal ownership of each Borrower.

    e. The most current revised projections for the fiscal year beginning April 1, 2009.

14. Despite repeated requests for the Required Information and the Additional Information (collectively, the "**Information**"), the Debtor has never provided any of the Information.

15. All funds coming into the Debtor's possession from completed work and from the ongoing completion of work comprises the Bank's cash collateral. The Debtor has no permission to use any of the funds in any respect.

16. In the Motion, the Debtor alleges that the establishment of a post-petition replacement lien on Debtor's assets with the same priority as such lien existed on such assets immediately preceding the Petition Date would constitute adequate protection. However, the Debtor has not provided a budget or any other information to support this conclusion.

17. The Bank respectfully asserts that there is insufficient information before the Court to warrant an award of adequate protection or authorization for the Debtor to use the Bank's cash collateral. The Debtor has (a) wholly failed to provide the Required Information required under the Loan Agreement, (b) wholly failed to provide the Additional Information, and (c) submitted only the most conclusory of allegations that a replacement lien would suffice in place of adequate protection.

18. The Debtor has not established or even alleged the ability to operate profitably or on a break even basis post-petition. The Debtor has not submitted a pro forma budget for its post-petition operations. Neither the Court nor the Bank has been provided with data sufficient to properly evaluate the Debtor's proposed post-petition operations on a short term basis. Indeed, the Bank lacks any meaningful financial information from the Debtor for the last eight months.

19. The Bank is entitled to ensure that its cash collateral is adequately protected and not dissipated. As a consequence of the maturity of the Loan Facility and the Debtor's apparent pre-petition lack of profitability, coupled with the Debtor's refusal to cooperate with the Bank by delivering the Information that the Bank is entitled to receive, this protection has not been provided. Accordingly, this Court should deny the Motion, or at a minimum, require the Debtor

to deliver the Information requested by the Bank and operating pro formas before granting any relief requested by the Motion.

WHEREFORE, Bank of America, N.A. respectfully requests that this Court enter an order prohibiting the Debtor from using the cash collateral, requiring the Debtor to provide the Information requested above by the Bank, and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: Tampa, Florida<br>August 31, 2009 | BUSH ROSS, P.A.<br>Post Office Box 3913<br>Tampa, Florida 33601-3913<br>(813) 224-9255 (telephone)<br>(813) 223-9620 (telecopy)<br>Attorneys for Bank of America, N.A.<br><br>By: /s/ Jeffrey W. Warren<br>    Jeffrey W. Warren<br>    Florida Bar No. 150024<br>    *jwarren@bushross.com* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2009, I electronically filed a true and correct copy of Bank of America, N.A.'s Objection to Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Lien Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document, with exhibits, to the following parties in the manner of service indicated below:

      /s/ Jeffrey W. Warren
      ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Stephen R Leslie
United States Trustee
Alberta L. Adams

**Via first class United States Mail, postage prepaid, to:**

Kearney Construction Co. LLC
5115 Joanne Kearney Blvd.
Tampa, FL 33619